Argued and submitted September 10, 1982, reversed and remanded
February 2, 1983

GARVIN,
*Appellant,*
*v.*
TIMBER CUTTERS, INC. et al,
*Respondents.*

(16-80-07328; CA A24907)

658 P2d 1164

Guy B. Greco, Newport, argued the cause for appellant. With him on the brief was Greco & Escobar, Newport.

John C. Volmert, Springfield, argued the cause for respondents. With him on the brief was Wurtz, Logan & Logan, Springfield.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

GILLETTE, P. J., concurring in part; specially concurring in part.

## WARDEN, J.

Plaintiff brought this action to recover wages from his former employer under ORS 652.140(2).[1] He was granted partial summary judgment for the amount of wages due, but the issues of liability for penalties under ORS 652.150[2] and for attorney fees under ORS 652.200(2)[3] were reserved for trial. In a jury trial, plaintiff's motion for a directed verdict was denied. The jury found for defendant, and plaintiff appeals from the denial of his motion for a directed verdict.[4] We reverse.

Defendant is a logging joint venture made up of two corporations, Timber Cutters, Inc., and L. V. Dzankich Co. Plaintiff was hired by Mr. Dzankich, the owner of the latter corporation, to operate a yarder. He worked for a few months and then quit. When defendant refused to deliver a check for plaintiff's remaining wages, plaintiff brought this action, alleging the terms of employment, the amount due and his demand for and defendant's refusal to pay the

---

[1] ORS 652.140(2) provides:

"(2) When any such employe, not having a contract for a definite period, shall quit his employment, all wages earned and unpaid at the time of such quitting shall become due and payable immediately if such employe has given not less than 48 hours' notice, excluding Saturdays, Sundays and holidays, of his intention to quit his employment. If such notice is not given, such wages shall be due and payable 48 hours, excluding Saturdays, Sundays and holidays, after such employe has so quit his employment."

[2] ORS 652.150 provides in part:

"If an employer wilfully fails to pay any wages or compensation of any employe who is discharged or who quits his employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days * * *."

[3] ORS 652.200(2) provides:

"(2) In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney's fees for prosecuting said action, unless it appears that the employe has wilfully violated his contract of employment."

[4] Plaintiff also assigns as error the partial denial of his motion for summary judgment. That denial is not reviewable in this instance. *All-States Leasing Co. v. Pacific Empire Land Corp.*, 31 Or App 733, 571 P2d 192 (1977).

wages. He prayed for recovery of the wages, penalties and attorney fees. Defendant's answer admitted plaintiff's factual allegations but denied that plaintiff was entitled to recover anything. The answer alleged no counterclaim or affirmative defense. In its response to plaintiff's motion for summary judgment, defendant submitted the affidavit of Dzankich, which stated that plaintiff had damaged a trailer, removed and kept items from the trailer without permission, taken gasoline from vehicles of defendant and made unauthorized purchases on defendant's account and that defendant had withheld plaintiff's last check as security until plaintiff had made good the losses he had caused. The partial summary judgment for plaintiff awarded him $351, the amount of wages that both parties agreed was due, and defendant has not cross-appealed from the partial summary judgment.

At trial, defendant raised a new defense. Dzankich testified that plaintiff had agreed, at the time his employment terminated, that defendant could retain his final check until he repaired the damaged trailer and that he had not made the repairs. Plaintiff denied that he had made any such agreement.[5]

Notwithstanding that there was evidence from which a jury could have found that plaintiff had agreed to allow defendant to withhold his final check, we hold that plaintiff should have been granted a directed verdict. We reject defendant's argument that such an agreement was a good defense to the wage claim for several reasons. First, the partial summary judgment for plaintiff had decided the issue of whether plaintiff was entitled to his wages. The unappealed judgment that he was so entitled (which existed when the jury trial began) foreclosed any contention that defendant had received permission from plaintiff to withhold the wages that were due. Defendant may have had a good faith belief that it was entitled to withhold the check, but that is not a defense to a wage claim brought under ORS Chapter 652. The only issue that remained for trial was whether defendant's failure to pay the wages was wilful, that is, whether it "knew what [it] was doing,

---

[5] At trial, after presentation of the evidence, defendant was permitted to amend its answer orally to allege the agreement as an affirmative defense.

intended to do what [it] was doing, and was a free agent." *Sabin v. Willamette-Western Corp.,* 276 Or 1083, 1094, 557 P2d 1344 (1976). That it was wilful is not now disputed.

■ Second, ORS 652.610(3) precludes an employer from withholding an employe's wages except in certain specified circumstances. At the time of plaintiff's termination, ORS 652.610(3) provided:[6]

"(3) No employer may withhold, deduct or divert any portion of an employe's wages unless:

"(a) The employer is required to do so by law;

"(b) The deductions are for medical, surgical or hospital care or service, for the employe's benefit, and are recorded in the employer's books;

"(c) The employe has voluntarily signed an authorization for a deduction;

"(d) The deduction is pursuant to an individual employment contract with the employer; or

"(e) The deduction is authorized by a collective bargaining agreement to which the employer is a party."

Defendant's retention of plaintiff's check was not "pursuant to an individual employment contract." The agreement that plaintiff allegedly struck with defendant, made after plaintiff had terminated his employment, cannot be thought of as an "employment contract." Subsection (d) is inapplicable. No other exception of the general prohibition of the statute applies. Defendant was therefore prohibited by the statute from withholding plaintiff's check.

■ Finally, ORS 652.360 also prohibited defendant from retaining plaintiff's check. That statute provides in relevant part:

"No employer may by special contract or any other means exempt himself from any provision of or liability or penalty imposed by * * * any statute relating to the payment of wages, except insofar as the commissioner in writing approves a special contract or other arrangement between an employer and one or more of such employer's employes. * * *"

---

[6] ORS 652.610(3)(d) was amended by Or Laws 1981, ch 594, § 5.

It prohibits an employer from abrogating the restrictive provisions of ORS 652.610(3) by an agreement such as defendant claims was made here, without the written approval of the Commissioner of the Bureau of Labor and Industries. There was no such approval. Together these statutes require that an employer pay an employe the wages that are due and seek to resolve any claims the employer may have against the employe by other means. Plaintiff was entitled as a matter of law to the penalty provided in ORS 652.150.

Defendant also claimed for the first time at trial that plaintiff had violated his employment contract and therefore was not entitled to attorney fees.[7] ORS 652.200(2) makes attorney fees recoverable in an action to collect wages, "unless it appears that the employe has wilfully violated his contract of employment." ORS 652.200(2). Much of the trial was taken up by production of defendant's evidence of plaintiff's misconduct. There was certainly evidence at trial from which a jury could find a breach of the duties of faithfulness and loyalty that every employe owes his employer. Defendant argues that plaintiff's breach of this implied agreement that the common law imposes on every employe amounts to a violation of the contract of employment under ORS 652.200(2).

As we read the quoted clause, it does not mean that *any* act of misconduct during the course of employment can be used to bar an employe from recovering attorney fees. Rather, we conclude that the statute refers to the violation of some provision of a contract of employment — either express or implied — and requires that the violation be one that resulted in or would have justified termination of the employment. We hold that a wilful violation of the employment contract that caused, or would have justified, termination of the employment bars the employe's right to recover attorney fees, provided the employer has not acquiesced in the violation, or waived his right to assert it as a bar, by continuing the employment after its discovery. In this case defendant continued plaintiff in its employ after discovery of what it now claims were plaintiff's violations of the

---

[7] At trial, defendant was also allowed to amend its answer orally to allege the violation as an affirmative defense.

employment contract. Plaintiff was therefore entitled to a directed verdict on the issue of attorney fees, as well as on the issue of statutory penalties.

Reversed and remanded for determination of penalty and attorney fees and entry of judgment for plaintiff for wages, penalty and attorney fees.

**GILLETTE, P. J.,** concurring in part and specially concurring in part.

I join in the result reached by the court in this case and in much of its reasoning. However, I specifically disagree with the *interpretation*—as opposed to the *application*—of ORS 652.200(2) (the attorney fee statute) in this case and therefore state my view separately.

ORS 652.200(2) provides:

"(2) In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney's fees for prosecuting said action, unless it appears that the employe has wilfully violated his contract of employment."

The key phrase is "unless it appears that the employe has wilfully violated his contract of employment." As I understand the majority's interpretation of this subsection, it believes the statute means that:

"The employer shall, in a successful action to recover wages not paid within 48 hours of termination of employment, pay a reasonable attorney fee unless the employer can show at trial that the employee, at some time during his employment, committed an act which would have justified termination of employment."

I have great difficulty with this interpretation.

The wage recovery statutes appear to me to be intended to provide for a relatively summary[1] way for a person in a decidedly unequal bargaining position—an employe—to obtain what is really due him. The duty on the employer to pay is absolute. That is the message of ORS 652.140(2). *Wilfull* failure to pay can result in penalties.

ORS 652.150. However, not even wilfullness is required in order to justify an attorney fee award. All that is required is that the wages were not paid and the employe was required to file an action.

Into this basically summary approach the legislature has injected the "wilfull violation" language of ORS 652.200(2). In my view, and in keeping with the summary theme of the statutory scheme, the employer's "wilfull violation" defense should be limited to a wilfull violation *that led to the employe's discharge*. The broader view taken by the majority turns a relatively simple trial into a potentially long and involved one, with the employer seeking to establish some misconduct in an employer/employe relationship that may have spanned decades.

In fact, these cases may very well be delayed in going to trial while the employer goes back and looks for some misconduct of which it was still unaware at the time the employe was finally forced to file a lawsuit. I cannot believe that the legislature intended to permit these basically simple cases to become so complicated.

Having noted my disagreement with the majority's analysis, I nonetheless join in the result in this case because the outcome would be the same under my analysis.[2]

---

[1] I say "summary," because of the 48-hour provision of ORS 652.140(2).

[2] In fact, strictly speaking, the majority's analysis is a *dictum*.