Argued and submitted June 23, 1986, reversed and remanded on unfair competition claim; award of attorney fees vacated; otherwise affirmed February 25, reconsideration denied April 24, petition for review denied May 27, 1987 (303 Or 454)

## GREENWOOD FOREST PRODUCTS, INC.,
### *Appellant,*

*v.*

## SAPP,
### *Respondent.*

### (83-0841C; CA A36407)

733 P2d 110

Larry D. Moomaw, Beaverton, argued the cause for appellant. With him on the briefs were Moomaw, Miller & Reel, and Brien Hildebrand, Beaverton.

Lloyd W. Weisensee, Portland, argued the cause for respondent. With him on the brief were Barry L. Adamson,

and Williams, Fredrickson, Stark, Norville & Weisensee, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff employed defendant to design, sell and perform services in connection with plaintiff's manufacture and marketing of "audio-video furniture." After firing defendant, plaintiff brought this action, alleging that defendant had breached the parties' employment agreement in a number of respects and that he had later engaged in' unfair competition by marketing a computer storage cabinet in his new business which was similar to the cabinet which plaintiff sells and by retaining certain materials related to the cabinet. Defendant counterclaimed, *inter alia,* under the wage claim statutes, ORS 652.110 *et seq,* for a bonus which he contended was due him. At the close of plaintiff's case, defendant moved to dismiss the unfair competition claim, and the trial court granted the motion. The jury then awarded damages to plaintiff on its contract claim and damages to defendant in a greater amount on his wage claim. The trial court subsequently awarded defendant attorney fees pursuant to ORS 652.200. Plaintiff appeals. We affirm in part and reverse in part.

Plaintiff first assigns error to the dismissal of his unfair competition claim. The relief plaintiff sought was

"an injunction and decree prohibiting and restricting defendant from using any of the materials obtained from plaintiff, and requiring defendant to return all such materials to plaintiff, and for such other relief as the court deems proper, including judgment for lost profits."

The trial court concluded that *Prentice Dryer v. Northwest Dryer,* 246 Or 78, 424 P2d 227 (1967) is controlling and went on to explain in its oral ruling:

"I am prepared to find that there has been no breach of any confidential relationship because, frankly, the plaintiff did not give defendant any information with respect to the design of their particular product * * *. It was almost 100%, if you will, the product of [defendant's] creative effort."

The parties disagree over the nature of the trial court's ruling, the scope of this court's review, what, if anything, has been preserved for our review and what substantive law is controlling. Plaintiff maintains that the ruling was in the nature of a directed verdict and is reviewable only to determine whether there was evidence from which the jury

could find in plaintiff's favor. According to plaintiff, it produced evidence that it had communicated "trade secrets" to defendant concerning the cabinet, that defendant was hired in part to develop products for plaintiff, that a confidential relationship existed and that defendant appropriated the information which plaintiff had communicated to him. The principal authority on which plaintiff relies is *Kamin v. Kuhnau et al,* 232 Or 139, 374 P2d 912 (1962). The court held there that it was unfair competition on the part of contractors who had been engaged by the inventor to assist in the construction of certain design improvements in garbage trucks to use the improvements in competition with the inventor.

Plaintiff argues that *Kamin,* not *Prentice Dryer v. Northwest Dryer, supra,* controls this case. In *Prentice,* the court held that it was not unfair competition for the plaintiff's former employe, Gordon, to use design innovations that he had developed for the plaintiff after he entered a new business which was the plaintiff's competitor. The court said:

> "[T]here was substantial evidence supporting defendant's contention that the improvements in the design of the Prentice dryer were principally the product of Gordon's creative effort. This latter factor in itself is enough to distinguish the present case from *Kamin v. Kuhnau [et al, supra].* Plaintiff did not disclose to Gordon any information which could be regarded as confidential in nature. And there was nothing in the terms of his contract of employment or in the nature of his work from which it could be implied that he was not to use for his own purposes features which he himself designed." 246 Or at 82.

Plaintiff contends that there was evidence from which the trier of fact could find, contrary to the trial court's ruling, that employes of plaintiff other than defendant were also involved in designing the cabinet, that defendant obtained design information from those other employes, that he was not solely responsible for the cabinet design and, therefore, that *Prentice Dryer* is not controlling.

Defendant's view of the issue is wholly different from plaintiff's. He argues that the unfair competition claim was equitable and triable to the court, because the principal relief sought was injunctive, that the trial court's dismissal of the claim was based on a finding of fact rather than a ruling on the sufficiency of plaintiff's evidence and that plaintiff seeks only

our review of what it misperceives as a directed verdict and does not seek our *de novo* review of the trial court's finding. Consequently, defendant concludes, there is an uncontested finding against plaintiff, and plaintiff cannot obtain a reversal in the absence of a challenge to that finding.

■        Defendant is correct in asserting that the unfair competition claim was primarily equitable. *See Rexnord Inc. v. Ferris,* 55 Or App 127, 134, 637 P2d 619 (1981), *rev'd on other grounds* 294 Or 392, 657 P2d 673 (1983). However, there are problems with the rest of his argument. Its central premise is that, in ruling on a defendant's motion to dismiss at the conclusion of the plaintiff's case on a claim tried to the court, the judge may make dispositive findings rather than confining his concern to the sufficiency of the evidence. *See* ORCP 54B(2); *Joseph v. Cohen,* 61 Or App 559, 658 P2d 544 (1983); *Castro and Castro,* 51 Or App 707, 626 P2d 950 (1981). The difficulty with defendant's argument is that it is not clear what kind of motion the court was ruling on: defendant called the motion one to take the claim from the jury; the judgment refers to the ruling as one granting a directed verdict pursuant to ORCP 60; the substance of the trial judge's oral ruling suggests that he may have treated the motion pursuant to ORCP 54B(2).

The judgment recites on its face that, pursuant to ORCP 60, the "court granted defendant's motion for directed verdict as to" the unfair competition claim. We cannot uphold the ruling if we review it as a directed verdict, for plaintiff's evidence was sufficient to support a finding in its favor on the claim. We are also unable to sustain the ruling if, in accordance with defendant's theory, we review it as a factfinding exercise under ORCP 54B(2). Courts are required by that rule to "make findings as provided in Rule 62." Defendant argues that the court's oral statement in ruling on the motion satisfied that requirement. We disagree. ORCP 62A provides, in part:

> "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact or conclusions of law appear therein."

That language and the context of the rule make clear that at least some written memorialization of the findings is necessary. *See* ORCP 62B; *Joseph v. Cohen, supra.*

■        Defendant also contends that, if the findings were inadequate, plaintiff has not raised that issue at trial or on appeal and is therefore not entitled to relief. The absence of findings is apparent on the face of the record. More fundamentally, adequate findings are essential to our review. As we said in *Joseph v. Cohen, supra:*

> "One apparent purpose for the interlocking of Rules 54B(2) and 62 is to provide a reviewing court a basis for determining how and why the trial court concluded that a terminal judgment on the merits was appropriate at the close of the plaintiff's case." 61 Or App at 563.

Written findings are necessary when a dispositive ruling is made on an ORCP 54B(2) motion. *Joseph v. Cohen, supra; Castro and Castro, supra.*[1] We remand for further proceedings on the unfair competition claim.

■        In its second assignment, plaintiff argues that the court erred by accepting and entering judgment on the jury's responses to special interrogatories concerning defendant's counterclaim and that the responses were inconsistent and incomplete. Plaintiff argues that a question which the foreperson asked the court when the jury returned its verdict indicates that the jurors took "improper considerations" into account in calculating damages and that reinstruction and further deliberation were necessary. Even assuming that plaintiff's argument *could* provide a basis for impeaching the verdict, we discern nothing in the foreperson's question to indicate that the jury did not calculate damages properly in accordance with the interrogatories, the instructions and the evidence.

Plaintiff's argument that the verdict was inconsistent is based primarily on its theory that the jury could not have made the findings that it did on the *counterclaim* consistently with what plaintiff asserts had to have been the jury's thinking in arriving at its answers concerning one of *plaintiff's* claims for relief. This argument, as well as plaintiff's other arguments under this assignment of error, is without merit.

Plaintiff's final assignment is that the court erred in

---

[1] We also noted in those cases that such rulings on the merits, before the defendant puts on its case, should be made very sparingly. *See Joseph v. Cohen, supra,* 61 Or App at 563 n 2; *Castro and Castro, supra,* 51 Or App at 713.

its award of attorney fees to defendant. We need not address the specific bases for plaintiff's challenge to the award, because the proceedings on remand may affect the award-ability and the amount of attorney fees. *See Schulstad v. Hudson Oil Company, Inc.,* 55 Or App 323, 637 P2d 1334 (1981), *rev den* 292 Or 825 (1982). Consequently, we vacate the award of attorney fees.

Reversed and remanded on the unfair competition claim; award of attorney fees vacated; otherwise affirmed.