Argued and submitted November 4, 1988, reversed and remanded for further proceedings January 25, 1989

RENNICK et al,
*Appellants,*

*v.*

JACKSON & COKER,
*Respondent.*

(87CV034; CA A47301)

767 P2d 478

Christopher Keusink, Brookings, argued the cause for appellants. With him on the brief was Babin & Keusink, P.C., Brookings.

William A. McDaniel, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty, Littlefield & McDaniel, Coos Bay.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

In this contract action in which plaintiffs allege that defendant breached its contract to locate a physician to work as their employe, the trial court awarded plaintiffs $13,000 as compensatory damages. Only two issues are raised on appeal: Whether the trial court erred in striking plaintiffs' claim for lost profits and whether it abused its discretion in reducing the amount of attorney fees awarded to plaintiffs. We reverse.

The case was tried to the court. At the close of the evidence, defendant moved to "strike" plaintiffs' claim for lost profits on the ground that plaintiffs' evidence was speculative. The trial court granted the motion and in its order stated, in part:

> "Plaintiffs' argument that they have proved minimum lost profits is not persuasive. The evidence would only support a speculation, not a finding of fact. That would go against *Douglas Construction v. Mazama Timber,* 256 Or 107, 471 P2d 768 (1970) and the cases cited therein."

Plaintiffs contend that the trial court ruled as a matter of law that their evidence was insufficient and that that was error because they offered some evidence that net profits would have been earned. *See Husky Lbr. Co. v. D.R. Johnson Lbr. Co.,* 282 Or 481, 487-88, 579 P2d 235 (1978); *see also VonRavensberg v. Houck-Carrow Corp.,* 60 Or App 412, 416-17, 653 P2d 1297 (1982). We agree with plaintiffs that there was sufficient evidence to permit a finding that some net profits would have resulted from the employment of a physician. We are unable to determine from the trial court's order whether it erroneously granted defendant's motion to strike as a matter of law or whether, sitting as factfinder, it was simply unpersuaded by the evidence. Because it is unclear, we remand for further proceedings.

Plaintiffs also contend that the trial court abused its discretion in reducing plaintiffs' award of attorney fees from $9,340.75 to $4,500 without explaining why it did so. That specific question is rendered moot by our remand. However, the question may arise again after reconsideration. We point out that the trial court was not required to make specific findings of fact or conclusions of law. *See* ORCP 68C(4)(d).

Reversed and remanded for further proceedings not inconsistent with this opinion.