Argued and submitted April 24, award of attorney fees vacated; otherwise affirmed on appeal and cross-appeal September 6, 1989

## GREENWOOD FOREST PRODUCTS, INC.,
*Appellant - Cross-Respondent,*

*v.*

## SAPP,
*Respondent - Cross-Appellant.*

(83-0841C; CA A49323)

779 P2d 180

Larry D. Moomaw, Beaverton, argued the cause for appellant - cross-respondent. With him on the briefs were Brien Hildebrand and Moomaw, Miller & Reel, Beaverton.

Rick T. Haselton, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Plaintiff appeals, and defendant cross-appeals, from a judgment awarding defendant $23,283.75 as attorney fees. We reverse on the appeal, and that makes the cross-appeal moot.

This case has been here before. *Greenwood Forest Products, Inc. v. Sapp,* 84 Or App 120, 733 P2d 110, *rev den* 303 Or 454 (1987) (*Greenwood I*). Many of the facts that are set forth there need not be restated. Briefly, plaintiff sued its former employe for breach of contract and unfair competition. The employe counterclaimed for past due wages and attorney fees under ORS 652.110 *et seq.* In *Greenwood I,* the trial court dismissed the unfair competition claim at the close of plaintiff's case. On the basis of special interrogatories answered by the jury on the contract and wage claims, the court awarded defendant a net judgment of approximately $10,000[1] and, over plaintiff's objections, attorney fees of $23,283.75. Plaintiff appealed. We reversed and remanded for further proceedings on the unfair competition claim, vacated the attorney fees award "because the proceedings on remand may affect the awardability and the amount of attorney fees,"[2] and otherwise affirmed the judgment. 84 Or App at 126.

On remand, the unfair competition claim was tried to the court, which found in defendant's favor and dismissed the claim. Plaintiff does not challenge that result on appeal. Also on remand, defendant again sought $23,283.75 in attorney fees for the trial in *Greenwood I* plus $19,067.50 in fees related to plaintiff's unfair competition claim. The trial court awarded him the $23,283.75 for *Greenwood I* but denied the request for additional fees. Plaintiff appeals, contending that defendant is entitled to no attorney fees and that, even if he is entitled to fees, the amount that the court awarded is excessive. Defendant cross-appeals, arguing that the trial court

---

[1] The jury awarded plaintiff $45,073.93 on its contract claims and defendant $55,537.27 on his counterclaim for wages.

[2] Our statement in *Greenwood I* that the proceedings on remand "may affect the awardability and the amount of attorney fees" does not mean either that fees were properly awarded in *Greenwood I* or that fees would be proper on remand unless plaintiff obtained a net judgment. That is, the issues in the present case are not foreclosed by the opinion in *Greenwood I.*

should have given him additional fees on the unfair competition claim.

■ ORS 652.200(2) authorizes attorney fee awards under the wage claim statute:

> "In any action for the collection of wages, if it is shown that the wages were not paid for a period of 48 hours, excluding Saturdays, Sundays and holidays, after the same became due and payable, the court shall upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney fees at trial and on appeal for prosecuting said action, *unless it appears that the employe has wilfully violated the contract of employment.*" (Emphasis supplied.)

Plaintiff objected to defendant's fee petition on the ground that he had "wilfully violated the contract of employment." In answer to special interrogatories, the jury found that defendant breached his employment contract by "purchas[ing] inventory for the Trinity Mills account on speculation and without the plaintiff's approval," making sales to Trinity Mills above its credit line, buying "goods from CY Imports and selling them to Trinity Mills," placing an unauthorized order for "vinyl TV stand materials," and failing to "expend reasonable time and effort" or "to act with prudence and reasonableness to collect" debts on certain accounts. The trial court, in awarding fees over plaintiff's objection, implicitly found that those breaches were not "wilful" or that plaintiff waived the right to assert that they were.[3] The dispositive question is whether there is any evidence in the record to support either finding.

In *Garvin v. Timber Cutters, Inc.,* 61 Or App 497, 502, 658 P2d 1164 (1983), we construed ORS 652.200(2):

> "[I]t does not mean that *any* act of misconduct during the course of employment can be used to bar an employe from recovering attorney fees. Rather, we conclude that the statute refers to the violation of some provision of a contract of employment—either express or implied—and requires that the violation be one that resulted in or would have justified

---

[3] The trial court was not required to make specific findings of fact or conclusions of law. *Rennick v. Jackson & Coker,* 95 Or App 72, 74, 767 P2d 478 (1989); ORCP 68C(4)(d).

termination of the employment. We hold that a wilful violation of the employment contract that caused, or would have justified, termination of the employment bars the employe's right to recover attorney fees, provided the employer has not acquiesced in the violation, or waived his right to assert it as a bar, by continuing the employment after its discovery." (Emphasis in original.)

*Accord: Reed v. Curry-Kropp-Cates, Inc.,* 61 Or App 520, 524-25, 658 P2d 531 (1983). The evidence permits only one conclusion about the reason why defendant was fired: He violated the company's policies in the particulars that the jury found that he had. The company president so testified. Defendant's brief points us to no other possible explanation for his discharge, and our review of the record reveals none. He defended the contract claims on the theory that the policies that he breached were unilateral, not a contract, or that the company president authorized his actions. The jury, by its verdict, rejected those arguments. Thus, defendant was fired for violations of the contract of employment. He does not argue, and the record does not suggest, that he did not know what he was doing or that he did not intend to do it.[4] In *Garvin v. Timber Cutters, Inc., supra,* we held that a breach is "wilful" if it is one that actually caused or would have justified the employe's termination. This employe's breaches justified, and in fact caused, his discharge. The trial court could not properly have found that the breaches were not "wilful" within the meaning of ORS 652.200(2).

■        Defendant next argues that, even if he wilfully violated his employment contract, he is nonetheless entitled to attorney fees, because plaintiff acquiesced in the violations or waived the right to assert them as a bar by continuing to employ him for nearly six months after discovering the first breach. He relies on *Garvin v. Timber Cutters, Inc., supra.* In *Garvin,* the employe sued for wages after he quit his job and, for the first time at trial, the employer asserted a wilful breach of the employment contract as an affirmative defense, not an independent claim. 61 Or App at 502. The acquiescence exception is not available when, as here, the employer sues the

---

[4] *Compare Kling v. Exxon Corp.,* 74 Or App 399, 403, 703 P2d 1021 (1985) ("The term 'wilful,' as it appears in ORS 652.150, [authorizing penalties against employers who wilfully fail to pay wages] means that the employer knew what it was doing, intended to do it and was a free agent.").

employe for the very violations that led to his termination. The trial court could not properly have found that plaintiff waived breaches for which it recovered over $45,000. *See* n 1, *supra.* An employer need not fire an employe for the first instance of wrongdoing in order to take advantage of the statute, if it later fires him for a series of breaches. *See Reed v. Curry-Kropp-Cates, Inc., supra,* 61 Or App at 524-25.

In the light of our holding that defendant is entitled to no attorney fees, plaintiff's second assignment of error and the cross-appeal are moot.

Award of attorney fees vacated; otherwise affirmed on appeal and cross-appeal.