Submitted May 15, judgment on plaintiff's claim for breach of contract vacated
and remanded; otherwise affirmed September 17, 2014

Deborah CHALMERS,
*Plaintiff-Appellant,*

*v.*

CONCRETE BOB, INC.,
*Defendant-Respondent.*

Lane County Circuit Court
121112429; A153075

335 P3d 1288

James C. Chaney filed the brief for appellant.

No appearance for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge,
and Schuman, Senior Judge.

TOOKEY, J.

### TOOKEY, J.

Plaintiff homeowner appeals a general judgment in favor of defendant construction contractor following a bench trial on plaintiff's claim for breach of a contract to lay a concrete foundation for a garage and perform other concrete work. Plaintiff, who contended at trial that defendant's work was not performed in accordance with the contract or in a workmanlike manner, asserts that the trial court committed legal error in concluding that plaintiff failed to prove specific contractual terms and damages. "We review the interpretation of a contract as a matter of law, but where the trial court's interpretation depends on factual determinations, we accept those determinations if supported by any competent evidence." *Eden Gate, Inc. v. D&L Excavating & Trucking, Inc.*, 178 Or App 610, 617, 37 P3d 233 (2002) (internal quotation marks omitted). Because we are unable to determine whether the trial court's interpretation of the contract depended on legal or factual determinations, we vacate the judgment on plaintiff's claim for breach of contract and remand for further proceedings.

The parties entered into a contract for defendant to perform concrete work on plaintiff's property, including a concrete foundation for a garage, flatwork, and steps to the existing house. Defendant's bid shows that the work was to be completed for $10,000 and that plaintiff paid defendant $5,000 in advance.

In her complaint, plaintiff averred that defendant's work was not performed in accordance with the contract or in a workmanlike manner. At trial, plaintiff submitted evidence that the construction plans called for a stem wall foundation to be placed five feet from the fence and that defendant had placed a monolithic (single pour) foundation 10 feet from the fence. In addition, plaintiff submitted an inspection report indicating that defendant's work failed to pass inspection, violated certain code provisions, and was deficient in several respects. Finally, plaintiff's expert testified that the total cost to demolish, haul, and repour the concrete was $22,500, and plaintiff submitted a bid to do

that work for $21,000.[1] However, plaintiff submitted no evidence regarding the cost to repair any particular deficiency.

Defendant filed an answer with counterclaims for breach of contract and unjust enrichment.[2] In its answer, defendant averred that it had performed the work in accordance with the contract and to plaintiff's specifications, specifically stating that the garage foundation "was placed in the location where Plaintiff wanted it and told [defendant's representative] to place it." At trial, defendant's representative testified that plaintiff called him to ask if he could get the bid lower than $12,000, that he had suggested a monolithic pour, and that plaintiff had accepted his bid as a monolithic pour. He did not agree that the foundation was supposed to be five feet from the property line; he testified that the set of plans that he received did not have the measurements on it. Defendant's representative also refuted certain aspects of the inspection report and testified that he was prevented from fixing some of the problems that were brought to his attention. Defendant submitted no evidence as to damages.

In a written opinion and order, the trial court ruled as follows:

"The Court finds that there was a contract between the Parties to have concrete work performed for Plaintiff by Defendant for a sum of $10,000. That work included concrete work for a garage foundation, flatwork and steps to the house. Beyond those facts, both Plaintiff and Defendant failed to establish any other specific terms of the contract by a preponderance of the evidence. In particular, the parties failed to establish that there was an agreement between the parties regarding a specific location for the foundation

---

[1] To avail herself of the provisions of ORS 20.082, plaintiff limited her damage claim to $10,000. ORS 20.082(2) provides, in part:

"[A] court shall allow reasonable attorney fees to the prevailing party on any claim based on contract if:

"(a) The amount of the principal together with interest due on the contract at the time the claim is filed is $10,000 or less; and

"(b) The contract does not contain a clause that authorizes or requires the award of attorney fees."

[2] The trial court found in favor of plaintiff on each of defendant's counterclaims, and neither counterclaim is at issue on appeal.

or an agreement regarding the type of pour and foundation (stem wall and footing or slab on grade single pour). The evidence did establish that Defendant failed to perform certain work in a workmanlike manner, thus breaching the contract. Notably, the steps to the house were of a poor quality, below any acceptable standard. Additionally, Defendant placed a portion of the concrete in a location that prevented the gate that allowed vehicles entry to the intended garage from fully opening.

"While the Court finds that there was a breach of the contract as noted above, Plaintiff failed to prove damages related to that particular work. Plaintiff submitted one exhibit with a proposal dated October 16, 2010 for a complete demolition and reconstruction of the work at a price of $21,000. That estimate was not broken down in any way. Defendant failed to prove damages as well. Defendant failed to offer evidence to support payment of the full amount of the contract in light of the problems with the work, particularly the stairs and area of driveway near the gate. Given the limited evidence offered by Plaintiff and Defendant, any attempt to assign damages would be speculative. The Court finds in favor of Defendant on Plaintiff's claim for breach of contract and in favor of Plaintiff on Defendant's claim for breach of contract."

On appeal,[3] plaintiff first notes that the trial court, in its opinion and order, did not differentiate between its conclusions of law and findings of fact. Plaintiff then contends that the trial court committed legal error "in failing to find that the facts in the record constituted a contract including the implied warranty to perform the work in a workmanlike manner, to follow the plans and specifications, and to comply with all applicable building codes." According to plaintiff, the trial court erred by "specifically finding that there was insufficient evidence to show an agreement between the parties regarding a specific location for the foundation"; "in finding only two particular breaches of the construction agreement"; and in determining that plaintiff failed to prove damages.

We agree with plaintiff that the trial court did not set out its conclusions of law and findings of fact in a clear

---

[3] Defendant made no appearance on appeal.

manner. However, we do not assume, as plaintiff appears to do, that the trial court committed legal error in construing the contract; rather, we observe that the trial court's opinion is internally inconsistent. In its letter opinion, the trial court first stated that "Plaintiff and Defendant failed to establish any other specific terms of the contract by a preponderance of the evidence[,]" indicating that there were no proven terms of the contract besides two terms. That statement is inconsistent with the trial court's later statement "that Defendant failed to perform certain work in a workmanlike manner, thus breaching the contract." Accordingly, we conclude that we are unable to discern whether the trial court made the challenged determinations as a matter of law or as a matter of fact.

We faced a similar issue in *Rennick v. Jackson & Coker*, 95 Or App 72, 74, 767 P2d 478 (1989), a case involving a contract "in which plaintiffs allege[d] that defendant breached its contract to locate a physician to work as their employe[e.]" At the close of the evidence, the trial court struck the plaintiffs' claim for lost profits on the ground that the evidence "would only support a speculation, not a finding of fact." *Id.* (internal quotation marks omitted). We agreed with the "plaintiffs that there was sufficient evidence to permit a finding that some net profits would have resulted from the employment of a physician." *Id.* However, because we could not determine whether the trial court had granted the defendant's motion to strike as a matter of law or whether, as factfinder, the trial court was simply unpersuaded by the plaintiff's evidence, we were unable to determine whether the trial court's action was correct, and we remanded the case for further proceedings. *Id.* at 74-75; *cf. Bruer's Contract v. Natl. Council on Comp. Ins.*, 116 Or App 485, 487-91, 841 P2d 690 (1992) (reviewing "a Department of Insurance and Finance (DIF) final order requiring petitioner to pay additional workers' compensation premiums[,]" noting *Rennick*, concluding that "we cannot determine whether DIF rejected the evidence * * * as a matter of law, whether DIF was simply unpersuaded by it or whether DIF erroneously overlooked it[,]" and remanding the case for further proceedings).

Similarly, in this case we cannot determine whether the trial court made the challenged determinations as a matter of law—as to the nature of defendant's obligation to perform the contract—or whether the trial court, as fact-finder, was unpersuaded by plaintiff's evidence and concluded that the plaintiff had not proven any further breach of the contract. Accordingly, we vacate the judgment on plaintiff's claim for breach of contract and remand for further proceedings.

Judgment on plaintiff's claim for breach of contract vacated and remanded; otherwise affirmed.