Motion to dismiss appeal denied November 7, 1939; argued on the merits February 1; affirmed March 12, 1940

## EENA CO. *v.* ZOSEL ET AL.
### (95 P. (2d) 428, 99 P. (2d) 1022)

In Banc.

*Fred A. Williams,* of Salem, for appellants.

*W. C. Winslow* and *Roy Harland,* both of Salem, for respondents.

RAND, C. J. In this suit, the appellants have twice appealed and the respondents now move to dismiss both appeals. The first was from what is now claimed to have been a decree entered on November 15, 1938. The other was from a decree which was actually made and entered on June 20, 1939. The ground urged for the dismissal of the first appeal is that the transcript on appeal was not filed in this court within the time limited by subdivision 2 of section 7-507, Oregon Code 1930. Valid orders extending the time for filing the transcript to and including July 5, 1939, were made. A further order extending the time for the filing of the transcript was made but it was invalid because made on an ex parte application without notice and not based upon a stipulation of the parties as required by said statute. The transcript was not filed until July 15, 1939, and, it not having been filed within the time limited, the first appeal is deemed, by force of the statute, to have been abandoned and the effect thereof terminated.

 After the taking of said first appeal and before any action had been taken thereon by this court, the respondents applied to the court below for and were granted permission to file a supplemental answer. A trial upon the issue thus raised by the supplemental answer and the answers made thereto was had and a decree was entered thereon on June 20, 1939, and from this decree the second appeal was taken.

It is obvious, from the fact that the respondents asked for and were granted permission to file a supplemental answer, that neither the respondents nor the court deemed that the entry made on November 15, 1938, was a final decree, and this is further strengthened by the fact that the writing so entered recites that: "the Court, having heard the evidence and now being fully advised in the premises, finds a decree should be entered herein as follows", and then sets forth the form in which the decree should be entered, but no decree whatever was thereafter entered until the final decree was entered on June 20, 1939.

The respondents now claim that the first entry made on November 15, 1938, was a final decree and that an appeal having been taken therefrom, which was still pending and undetermined in this court at the time they filed their supplemental answer, the circuit court had lost jurisdiction and, therefore, the decree entered on June 20, 1939, was void and of no effect.

It is well settled that an appeal will lie from a void judgment. It is also well settled that an appeal lies only from a final judgment or decree or from a final order as prescribed by section 7-501, Oregon Code 1930. As a general rule, the face of a judgment or decree is the test of its finality: 2 Am. Jur. p. 864. Measured by this rule, we hold that the entry made on November 15,

1938, was not a final order or decree from which an appeal could be taken and that the attempted appeal taken therefrom was a mere nullity, and that the appeal taken from the decree entered on June 20, 1939, was valid and, since the appeal so taken was perfected and the transcript filed in this court within the time limited in the Code, the appeal is a valid appeal and not subject to respondents' motion.

For these reasons, the respondents' motion to dismiss the appeal in the instant case is overruled.

Argued on the merits February 1; affirmed March 12, 1940

ON THE MERITS

(99 P. (2d) 1022)

BAILEY, J. This suit was instituted June 24, 1937, by the plaintiff, Eena Company, as assignee, against the defendants Walter H. Zosel, John W. Huggard, Louis Neuman, Bert Tompkins and Gabriel Powder and Supply Company, a corporation, to foreclose a mechanic's lien for $2,100 against a tract of real property in Salem, Oregon, owned by the defendant Zosel. The defendants Tompkins and Gabriel company on July 31, 1937, filed an answer and cross-complaint to foreclose mechanic's liens claimed by them against the property described in the complaint, in the sum of $631.42 and $75.70, respectively. The defendants Huggard and Neuman did not make any appearance, so far as the record discloses.

Before any reply to their cross-complaint was filed, Tompkins and Gabriel company on May 27, 1938, filed a supplemental answer, in which it is alleged that at the time of the filing of plaintiff's complaint the de-

fendant Zosel was indebted to the defendant Huggard, the contractor who constructed the building against which the various liens were filed, in an amount not known to the defendants, "but the same was approximately $2,800"; that shortly after the filing of plaintiff's complaint the defendant Huggard filed a petition in involuntary bankruptcy in the district court of the United States for the northern district of California; and that thereafter an agreement was entered into by and between the plaintiff and the defendants Zosel, Tompkins and Gabriel company, substantially as follows: that Zosel was to make application to the trustee in bankruptcy for a release from payment of the balance of the money due Huggard on his contract, on the understanding that if Zosel should be so released he would pay to the plaintiff and the defendants Tompkins and Gabriel company such balance due Huggard, in full satisfaction of their claims as represented by their mechanic's liens.

The supplemental answer further avers that pursuant to the agreement Zosel made application to the trustee for such release and in so doing represented that the plaintiff and these defendants had valid and subsisting liens; that based on that application the trustee proposed to Zosel that if he would pay into the bankruptcy court the sum of $200 he would be released from payment of the balance due Huggard, on condition that he apply such balance toward satisfaction of the liens of the plaintiff and these answering defendants; and that such proposition was submitted to and accepted by the plaintiff and the answering defendants. It is further alleged that the proposition submitted by the trustee was agreed to by the plaintiff and the defendants Zosel, Tompkins and Gabriel company, on

the understanding that such balance released was to be applied *pro rata* toward satisfaction of their various claims of lien; that the lien claimants agreed to accept such payment "in full satisfaction of their claims, and would not hold said property of defendant Zosel for any portion thereof"; that, acting upon such agreement, Zosel paid to the trustee the sum of $200 and received a release from any further liability to Huggard; and that after obtaining such release Zosel refused to make distribution to the answering defendants of the balance of the money which he had previously owed Huggard.

The answering defendants aver that Zosel "ought to be and is estopped from now contesting the validity of the liens" claimed by them, "and from contending" that these liens are not valid and subsisting claims against his property. The prayer of the supplemental answer is that the defendant Zosel be required to bring into court the amount released by the bankruptcy court, and that such balance "be applied on a *pro rata* basis to the satisfaction of the claims of plaintiff and these answering defendants".

The affirmative allegations of the answer, the cross-complaint and the supplemental answer were put in issue by the replies of Eena Company and the defendant Zosel.

The decree of the circuit court gave the defendant Zosel credit for $292.50 for disbursements made by him in procuring a release from the trustee in bankruptcy, and entered judgment against him for $2,405, ordered to be divided as follows:

"(1) To Fred A. Williams, attorney for the plaintiff, attorney's fees in the sum of $200.

"(2) The remaining sum of $2,205 shall be pro rated and apportioned as follows, to-wit:

"(a) To Eena Company, a corporation, plaintiff herein, on the basis of the sum of $2,100;

"(b) To Bert Tompkins, defendant, on the basis of the sum of $631.42;

"(c) To Gabriel Powder and Supply Company, a corporation, defendant, on the basis of the sum of $75.70."

From this decree both the plaintiff and the defendant Zosel have appealed.

In August, 1936, Zosel entered into a contract with Huggard, by the terms of which the latter agreed to build a complete super-service station on property owned by Zosel in Salem, at a price of $8,300. The Ladd & Bush bank of Salem was financing Zosel, and on October 31, 1936, Zosel and his wife executed and delivered to that bank a mortgage on the real property here involved, to secure the payment of a note for $7,000 executed by them in favor of the bank.

Zosel made payments to Huggard on the contract as the work progressed, and on November 16, 1936, had paid him a total of $5,602.50, leaving a balance of $2,697.50 unpaid. The service station was completed in December, 1936, or early in January, 1937.

On December 24, 1936, Ray F. Becker Company, one of the subcontractors, filed a claim of mechanic's lien for $2,100, and on February 2, 1937, claims of lien were filed by Tompkins and the Gabriel company, these three lien claims totaling $2,807.12. The defendant Louis Neuman also filed a claim of lien, the amount of which does not appear in the record.

Sometime in January, 1937, Huggard was declared a bankrupt by the United States district court above mentioned. His liabilities greatly exceeded his assets.

The plaintiff, Eena Company, is a subsidiary of the Ladd & Bush bank. On March 17, 1937, this company took an assignment of the Becker company's lien, for a consideration of $2,100, which amount the bank advanced and charged to Zosel.

In April, 1937, the attorney for the trustee in bankruptcy demanded payment by Zosel of $2,697.50, as the balance due on the contract between Zosel and Huggard. Fred A. Williams, representing both Eena Company and Zosel, took up the matter with the attorney for the trustee, to see if Zosel could be relieved from payment of the balance due on the contract. He presented to the trustee's attorney copies of the lien notices filed by the Becker company, the Gabriel company and Tompkins. The record is not clear as to whether or not a copy of the Neuman lien was also furnished. In order to effect some kind of settlement with the trustee in bankruptcy, it was necessary for Williams to go to San Francisco. After some negotiations the referee in bankruptcy entered an order on April 25, 1938, authorizing the trustee to release all claims against Zosel, Eena Company and the Ladd & Bush bank, upon the payment of $200 to the trustee.

During the year 1937 Neuman instituted a suit to foreclose his mechanic's lien, and made parties defendant Zosel, Tompkins and the Gabriel company. The two last named defendants did not file any answer. A trial was had, as the result of which Neuman's lien was declared invalid.

After Huggard was adjudged a bankrupt, both the defendant Zosel and the plaintiff, Eena Company, were desirous of relieving Zosel from paying to the trustee in bankruptcy the balance remaining unpaid on the Huggard contract, which balance they wished to use

for settling existing lien claims against the Zosel property. It was with the knowledge and consent of Eena Company, Zosel, Tompkins and the Gabriel company that the compromise was effected with the trustee in bankruptcy, whereby Zosel on the payment of $200 was released from all liability to Huggard on the contract.

Although there is conflict in the testimony, we are of the opinion that the preponderance of the evidence supports the circuit court's conclusion that a contract was entered into by Williams, with the consent of his clients, Eena Company and Zosel, with the defendants Tompkins and the Gabriel company, through their attorneys, substantially as alleged in the supplemental answer.

Corroborating the testimony produced on behalf of the defendants Tompkins and the Gabriel company are the facts that those defendants did not file an answer in the suit brought by Neuman, which omission, they testified, was suggested by Williams in view of the pending settlement with the trustee; that no replies were filed to their answer and cross-complaint until some ten months elapsed; and that after the defendants Tompkins and the Gabriel company had filed their answer and cross-complaint, seeking to foreclose their liens, no further move was made in this suit by any of the parties until after the settlement was effected between Zosel and the trustee in bankruptcy.

It would be unreasonable to assume that the trustee in bankruptcy released Zosel from payment of the balance due on the Huggard contract upon payment of $200 to the trustee, except upon an understanding that Zosel would discharge the claims of Tompkins and the Gabriel company, as well as Eena Company's lien.

After the payment of $200 to the trustee there remained a balance of $2,497.50 of the amount due Huggard, which was thereupon released by the trustee. Eena Company's lien was for $2,100, and it is not to be supposed that the trustee agreed that Zosel should discharge only that lien, or with the released balance do otherwise than discharge all three claims against the bankrupt's estate, in order to prevent filing of any claims in the future by those creditors against the bankrupt's estate.

Upon consummation of the settlement between Zosel and the trustee, Zosel and Eena Company proposed that Eena Company's lien be paid in full, and that the balance, $305, remaining after paying Williams $92.50 as his expenses of the trip to San Francisco, be divided between the Gabriel company and Tompkins. This proposal brought about the filing of the supplemental answer.

This suit was instituted as one to foreclose a mechanic's lien. The controversy actually litigated in the trial court, however, was whether an agreement had been entered into between the parties as alleged in the supplemental answer.

We find no error, and the decree appealed from is therefore affirmed.

BEAN, J., not participating.