Submitted February 4, modified February 17, 1960

# DENT *v.* DOLAN ET UX

349 P. 2d 500

A. C. Yaden, Klamath Falls, for appellant.
L. Orth Sisemore, Klamath Falls, for respondent.

HARRIS, J. (Pro Tempore)

This was a suit for foreclosure of a lien. The complaint alleged that during the period mentioned plaintiff performed labor and services to and for the defendants at their special instance and request to be used, and which were used, in the erection and construction of a certain dwelling house.

The answer alleged that the plaintiff, in consideration of defendant's agreement to pay $500, agreed to move the dwelling house. Plaintiff in his reply also alleged the moving of the building as part of the agreement.

Immediately after the commencement of the trial, plaintiff called as his first witness the defendant as an adverse witness. The record indicates the following proceedings then occurred:

"Q Will you state your name, please?
"A William Charles Dolan.

"Q And you are one of the defendants in this suit, are you?

"A Yes.

"Q And you are acquainted with the plaintiff Lloyd M. Dent?

"A Yes, I know Lloyd.

"Q When did you first have negotiations with Mr. Dent for the moving of the building, if you had such negotiations?

"MR. SISEMORE: Just a minute. If the Court please, we are going to object to any testimony regarding the removal of a building upon the grounds, first, that there is no allegations in the complaint concerning the moving or removal of a building. The complaint alleges that the labor and services were performed in the erection and construction of a certain dwelling house on the realty above described and for which labor and services the defendants agreed to pay upon the rendition thereof. Now, his complaint is restricted to labor and services in the erection and construction. And on the further ground that this being a suit for foreclosure of a lien under the statutes of this state they do not properly apply in the case of the removal or moving of a building.

"(Thereupon argument was presented by Counsel for the respective parties on the motion.)

"THE COURT: Objection sustained.

"MR. YADEN: That renders necessary a non-suit, your Honor, as far as we are concerned, or a dismissal.

"MR. SISEMORE: So move, your Honor.

"THE COURT: You are moving for—?

"MR. SISEMORE: A dismissal.

"THE COURT: Motion is allowed.

"MR. SISEMORE: Thank you, your Honor.

"MR. YADEN: What about costs?

"MR. SISEMORE: May we have costs?

"MR. YADEN: Might we suggest, your Honor, this lien has been brought in absolutely good faith, and it is within the discretion of the Court to fix costs. We suggest costs not be allowed.

"MR. SISEMORE: After all, we have been brought into court on a matter the Court has held is not proper.

"THE COURT: Costs will be allowed for the defendant.

"MR. SISEMORE: Thank you, your Honor."

The court thereafter entered a decree as follows:

"The above entitled matter having come on for trial the 20th day of February, 1958, the Plaintiff appearing in person and by A. C. Yaden, his attorney, the Defendants appearing in person and by L. Orth Sisemore, their attorney, and the Plaintiff having failed to produce evidence sufficient to establish the allegations in his Complaint and refusing to proceed further;

"NOW THEREFORE, upon motion of the Defendants,

"IT IS HEREBY ADJUDGED AND DECREED that the within suit be and the same is hereby dismissed;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants have and recover of the plaintiff their costs and disbursements herein incurred in the amount of Sixteen and 80/100 ($16.80) dollars."

The plaintiff appeals from the above decree. The only material assignment of error is the following:

"The court erred in allowing the motion to dismiss."

ORS 18.210 provides:

"Decree of dismissal before trial. A decree dismissing a suit may be given against the plaintiff

in any of the cases specified in subsections (1), (2) and (3) of ORS 18.230, except the last clause of such subsection (3). Such decree is a determination of the suit, but shall not have the effect to bar another suit for the same cause, or any part thereof."

ORS 18.230 provides:

"When judgment of nonsuit given. A judgment of nonsuit may be given against the plaintiff:

"(1) On motion of the plaintiff, at any time before the issues have been joined and the trial of the facts has commenced, unless a counterclaim has been pleaded as a defense; but if the issues have been joined and the trial of the facts has commenced the allowance of the motion shall be subject to the discretion of the court.

"(2) On motion of either party, upon the written consent of the other filed with the clerk.

"(3) On motion of the defendant, when the action is called for trial, and the plaintiff fails to appear, or when after the trial has begun, and before the final submission of the cause, the plaintiff abandons it, or when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury."

■ We hold that by stating to the court:

"That renders necessary a nonsuit, your Honor, as far as we are concerned, or a dismissal."

the plaintiff abandoned his suit after the trial began and before final submission of the cause. Therefore, the court, on motion of the defendant, should have ordered and decreed a dismissal of the suit by virtue of the provisions of ORS 18.230(3).

■■ Of course, the appeal would not be properly before us unless the decree is final in its nature. As a general rule, the face of a decree is the test of its finality. *Eena Co. v. Zosel,* 164 Or 99, 101, 95 P2d 428, 99 P2d 1022.

■ Under the principle last stated, since the decree in the instant suit states that plaintiff failed to produce evidence to establish the allegations in his complaint and since the decree was not given without prejudice to another suit by the plaintiff for the same cause (see ORS 18.220), the decree appears on its face to be final.

Therefore, the decree appealed from is hereby modified to the extent that a decree is hereby entered in this cause dismissing the instant suit as an abandoned suit under the provisions of ORS 18.210 and 18.230(3). The result of this decree is that it "shall not have the effect to bar another suit for the same cause or any part thereof." Neither party shall recover costs.