Argued and submitted February 27, reversed and remanded May 3, 1989

# In the Matter of the Marriage of

## NORBECK,
*Respondent,*

*and*

## NORBECK,
*Appellant.*

### (D85-11-68203; CA A47285)

772 P2d 954

─────────────

Mark Kramer, Portland, argued the cause for appellant. With him on the brief was Simon, Kramer & Fithian-Barrett, Portland.

Orrin Onken, Portland, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

**EDMONDS, J.**

Father appeals from the trial court's order denying his motion to modify visitation rights with his children under a judgment of dissolution. He assigns as error the granting of mother's motion for involuntary dismissal pursuant to ORCP 54B(2) at the close of his case.[1] We reverse.

Appearing *pro se,* father requested an increase in the amount of supervised visitation. At a later stage, he informed the court that he sought unsupervised visitation. He presented evidence that his current mental health condition did not present a threat to his children and that his conduct during supervised visitation had been appropriate and beneficial to the children. The original stipulated judgment allowed only limited supervised visitation. The trial court ruled:

> "Respondent's motion to modify the visitation provisions of the dissolution decree in this matter is denied on the grounds that respondent failed to show a change of circumstances since the decree which affects the best interests of the children."

The trial court's ruling on the motion to modify is tantamount to a dismissal with prejudice, which then triggers ORCP 62.[2] In *Castro and Castro,* 51 Or App 707, 626 P2d 950 (1981),[3] we held that the trial court's task pursuant to ORCP 54B is to determine the facts. It may disbelieve the evidence, but it must apply the law to the facts as it finds them. We said:

> "Where the plaintiff has introduced credible evidence on the essential elements of the cause or causes of action, the trial court should deny the motion and decline to render any judgment until the close of all the evidence. In order to protect plaintiffs in nonjury cases from premature dismissals and to alleviate the appellate burden of multiple appeals, we adopt the view of the 5th Circuit that motions under ORCP 54B(2)

---

[1] Father makes several assignments of error. Because of our disposition of the appeal on this assignment, his other assignments are moot. We note, however, that the trial court ought to have given father an opportunity to offer evidence as to why the requirement of supervised visitation was imposed, so that the court could determine if a change of circumstances had occurred.

[2] ORCP 54B(2) provides that, if an involuntary dismissal is granted with prejudice, the court shall make findings as provided in ORCP 62.

[3] In *Castro,* the father had moved to modify a judgment of dissolution awarding custody of the parties' child to the mother. The court denied the father's motion at the close of his case.

should be sparingly granted." *Castro and Castro, supra,* 510 Or App at 713. (Footnote omitted.)

*See also McJunkin and McJunkin,* 90 Or App 1, 4, 750 P2d 1164 (1988).

Here, the trial court's ruling is devoid of any finding of fact or of credibility that would support its legal conclusion that there has been no change of circumstance since the judgment. *See Joseph v. Cohen,* 61 Or App 559, 658 P2d 544 (1983). Father's evidence suggested that there was no longer a need for supervised visitation. If he were believed, he was entitled to all reasonable inferences that could be drawn from the evidence, including that his mental health condition had improved since the judgment.

Because the trial court made no findings to support its conclusion, as required by ORCP 54B(2) and ORCP 62, we are unable to discern whether it disbelieved father's evidence or found the evidence legally insufficient to prove a change of circumstances. As a result, we cannot determine whether the trial court properly applied the law to the facts. We remand for the trial court to make the requisite findings and conclusions.

Reversed and remanded. No costs to either party.