Argued and submitted April 21, resubmitted In Banc November 8, affirmed
December 13, 1989, reconsideration denied April 18, petition for review denied
May 22, 1990 (310 Or 70)

## GEARHART,
*Appellant,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

## (16-86-01912; CA A45060)

783 P2d 536

Martha C. Evans, Eugene, argued the cause for appellant. With her on the brief was Leistner, Vallerand & Evans, Eugene.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

ROSSMAN, J.

Buttler, J., dissenting.

**ROSSMAN, J.**

Plaintiff appeals a judgment for defendants. We affirm.

Plaintiff was a hearings officer for Employment Division from November, 1976, until April, 1984, when she was discharged for "insubordinate behavior, failure to afford a fair hearing, and lack of professional conduct." She then brought this action for wrongful discharge and intentional infliction of emotional distress. After she presented her evidence, defendants moved to dismiss both of her claims under ORCP 54B(2).[1] The trial court granted defendants' motion and entered a judgment which, because it did not recite that it was with prejudice, is an adjudication without prejudice. ORCP 54B(4). Although that judgment leaves plaintiff free to allege the same cause of action in a new proceeding, the rights of the parties in this action have been determined, and the judgment is final and appealable. ORCP 67A; ORS 19.010.

We must first determine the scope of our review of a judgment of dismissal without prejudice under ORCP 54B. Our cases discussing dismissals with prejudice make it clear that, without written findings entered pursuant to ORCP 62, there is no basis on which to determine how and why the trial court concluded that a terminal judgment was appropriate at the close of plaintiff's case. *Norbeck and Norbeck,* 96 Or App 345, 772 P2d 954 (1989); *Greenwood Forest Products, Inc. v. Sapp,* 84 Or App 120, 125, 733 P2d 110, *rev den* 303 Or 454 (1987); *Joseph v. Cohen,* 61 Or App 559, 563, 658 P2d 544 (1983). Written findings are not required if the dismissal is without prejudice, and their absence precludes review for whether the evidence supports findings or whether the trial

---

[1] ORCP 54B(2) states:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in Rule 62."

court correctly applied the law to the facts. *See Norbeck and Norbeck, supra,* 96 Or App at 348.[2]

■ ORCP 54B(2), together with ORCP 60, eliminated the motion for nonsuit under *former* ORS 18.210 to ORS 18.260. *Castro and Castro,* 51 Or App 707, 710, 626 P2d 950 (1981). Under those statutes, involuntary nonsuits were appealable, *see Steenson v. Robinson,* 236 Or 414, 416, 385 P2d 738, 389 P2d 27 (1964), and reviewable as to whether the plaintiff had established a *prima facie* case. *See Lavigne v. Portland Traction Co.,* 179 Or 221, 170 P2d 709 (1946). The dismissal here is akin to the former involuntary nonsuit. Plaintiff presented her evidence and defendant moved to dismiss on the ground that, on the facts and the law, the plaintiff has shown no right to relief. ORCP 54B(2).[3] We conclude that review of that determination, if the judgment is without prejudice, is limited to whether plaintiff had established a *prima facie* case.[4]

■ Plaintiff's first claim was that she was wrongfully discharged for fulfilling an important societal function. *Nees v. Hocks,* 272 Or 210, 536 P2d 512 (1975). She argues that she was terminated for providing due process to parties in unemployment insurance hearings. She contends that defendants interfered with her obligation to do so by issuing directives which ordered her to decide questions of law in certain ways and that she was obliged not to follow the directives. Therefore, when defendants terminated her for insubordinate behavior for refusing to follow the directives, the discharge was against the law.

Plaintiff's evidence did not establish a *prima facie* case of wrongful discharge. The directives which plaintiff

---

[2] There is no ground for a remand for entry of findings. Neither party assigns error to the entry of the judgment without prejudice or asserts that failure of the judgment to state that it was with prejudice was a clerical error which should be corrected.

[3] For example, *former* ORS 18.230(1) provided, in part:

"A judgment of nonsuit may be given:

"* * * * *

"(c) On motion of the defendant, * * * upon a trial without a jury when the evidence is not sufficient to establish a *prima facie* case for plaintiff."

[4] The scope of review of an involuntary dismissal under the analogous federal rule, FRCP 41(b) is whether a *prima facie* case was made. *See Riegel Fiber Corp. v. Anderson Gin Co.,* 512 F2d 784, 792 (5th Cir 1975).

refused to follow concerned so-called ".265/.290" issues, involving the authority of authorized representatives under ORS 657.265 and of the administrator under ORS 657.290 to amend initial decisions regarding benefits. Referees, the administrator and the Employment Appeals Board had taken different positions. Defendant Menegat issued a memorandum directing referees to turn over the cases where those statutes appeared to be involved to senior referees. That memo, and the other directives plaintiff introduced, were concerned with the procedure by which the agency would handle the cases.

Plaintiff's evidence did not show that defendants removed the issues from her because of her legal position. The directives established a general procedure by which the agency would process certain issues. They did not direct her in how to decide the issues nor did the directives exclude only her from considering them. Plaintiff did not show that the directives prevented parties from ever having the issues considered, thereby denying them due process. Plaintiff failed to show that she was discharged for fulfilling an important societal function.[5]

■　　Plaintiff also failed to make a *prima facie* case on her claim for intentional infliction of emotional distress. Before her termination, defendants discussed her alleged unprofessional conduct in hearings and tried to work with her to correct the problems. That is not conduct which is outrageous or beyond the limits of social tolerance, which a plaintiff must show in order to support a claim. *See Hall v. The May Dept. Stores,* 292 Or 131, 637 P2d 126 (1981).

Affirmed.

**BUTTLER, J.,** dissenting.

It might be that there is no good answer to this confusing situation. As the majority recognizes, ORCP 54B(2), together with ORCP 60, eliminated the motion for nonsuit. *See Castro and Castro,* 51 Or App 707, 626 P2d 950 (1981). Yet the majority has revived it in all of its glory. It holds that a

---

[5] At some hearings, plaintiff also brought up issues of overpayments under ORS 657.310 and ORS 675.315 when those issues were not before her. Hearing rights of the parties were not prejudiced by the directives instructing plaintiff not to consider issues which were not properly before her.

judgment of dismissal without prejudice is reviewable to determine whether the plaintiff's evidence made out a *prima facie* case, which was the function of the former motion for involuntary nonsuit.

However, it is clear that a motion to dismiss under ORCP 54B(2) does more than test whether plaintiff has made a *prima facie* case, viewing the evidence in the light most favorable to the plaintiff. Rather, it directs the trial court "as the trier of the facts [to] determine them and render judgment of dismissal against the plaintiff" or deny the motion and hear all the evidence. The trial court may disbelieve some of the plaintiff's evidence and, as a result, render judgment of dismissal. To say, as the majority does, that the plaintiff may appeal that judgment, even though the dismissal is without prejudice and the plaintiff may re-file, and that this court reviews the evidence in the light most favorable to the plaintiff[1] to determine whether a *prima facie* case has been made is contrary to the intent of ORCP 54B(2) and may undo completely what the trial court has done as the trier of the facts. Without trial court findings under ORCP 62, we are shooting in the dark.

If, on appeal, we conclude that the plaintiff has established a *prima facie* case and reverse and remand, presumably the trial court on remand could make findings under ORCP 62 that would support dismissal and enter a new judgment of dismissal *with* prejudice from which the plaintiff could appeal again. If, on the other hand, we conclude that plaintiff has not established a *prima facie* case, the plaintiff may re-file and try the case again. Neither of those results makes sense in terms of judicial economy; neither is it necessary to suffer those results.

In order to effectuate the purpose and intent of ORCP 54B(2), I would hold that a judgment entered under that rule dismissing the case without prejudice is not to be

---

[1] Although the majority does not specifically say that it views the evidence in the light most favorable to plaintiff, it must be doing so to determine whether plaintiff has established a *prima facie* case. Defendant contends, logically, that he has obtained a judgment in his favor and, therefore, the evidence should be viewed in a light most favorable to him.

treated as final[2] any more than a judgment that fails to comply with ORCP 67B is treated as final. If the plaintiff decides that he cannot make a better evidentiary showing and that there is no point in re-filing the case, he must move the court to enter a judgment of dismissal *with* pejudice; if he does so, the trial court *must* grant the motion and make findings, as required by the rule. That judgment, backed by findings, may then be reviewed on appeal in a meaningful way, as anticipated by ORCP 54B(2).

Accordingly, I would dismiss this appeal. Therefore, I dissent.

Warren, J., joins in this dissent.

---

[2] The majority states that a judgment of dismissal without prejudice is a final judgment that is appealable under ORS 19.010. 99 Or App at 603. I am not so sure, given the court's statement in *Dent v. Dolan et ux,* 220 Or 313, 349 P2d 500 (1960):

"Of course, the appeal would not be properly before us unless the decree is final in its nature. As a general rule, the face of a decree is the test of its finality. *Eena Co. v. Zosel,* 164 Or 99, 101, 95 P2d 428, 99 P2d 1022 [1940].

"Under the principle last stated, since the decree in the instant suit states that plaintiff failed to produce evidence to establish the allegations in his complaint and since the decree was not given without prejudice to another suit by the plaintiff for the same cause (see ORS 18.220), the decree appears on its face to be final." 220 Or at 317.

It would seem to follow that, if the judgment had dismissed the action without prejudice, it would not have been appealable. Neither *Steenson v. Robinson,* 236 Or 414, 385 P2d 738, 389 P2d 27 (1964), nor *La Vigne v. Portland Traction Co.,* 170 P2d 709 (1946), on which the majority relies, clearly supports its position.