101 F.3d 705
 RICO Bus.Disp.Guide 9204
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David L. HALL, an Individual, Plaintiff-Appellant,
v.
John LABATT, a Foreign Corporation; Chef Francisco, Inc.,
an Oregon Corporation; Charles Koenig, Jr., an
Individual, Defendants-Appellees.
 No. 95-35852.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1996.*
Decided Nov. 13, 1996.
 
 Before: CANBY, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Oregon state court dismissed Hall's lawsuit with prejudice. Under Oregon law, a dismissal with prejudice prevents the plaintiff from litigating his case again. See Joseph v. Cohen, 658 P.2d 544, 546 (Or.App.1983) (dismissal with prejudice is "terminal judgment on the merits"); see also Black's Law Dictionary 421 (West 5th ed. 1979) (dismissal with prejudice is "An adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause.").
 
 
 3
 We give state court judgments the same effect as the state court that entered it would. In re Bybee, 945 F.2d 309, 316 (9th Cir.1991). Under Oregon law, a final judgment has both issue preclusion and claim preclusion effects. Claim preclusion keeps a party from prosecuting another action against the same defendant when the claim is based on the same factual transaction at issue in the previous litigation. Drews v. EBI Companies, 795 P.2d 531, 535 (Or.1990). All that is required is that the party had an opportunity to litigate (whether exercised or not) and that the judgment is final. Id. Hall had his chance to litigate, and received a final judgment in favor of the defendants. Hall urges various defects in the dismissal with prejudice, but the place to correct any such defects was in the state appellate courts on direct appeal. He is barred from relitigating any cause of action arising out of the same set of facts.
 
 
 4
 Alternatively, we agree with the district court's determination that Hall's federal and Oregon racketeering claims were time barred. The limitations period under the federal Racketeering Influenced and Corrupt Organizations Act (RICO) is four years from the date of plaintiff's injury. Agency Holding Corp. v. Malley-Duff Assoc., 483 U.S. 143, 156 (1987). The time limit under Oregon's RICO statute is five years from the date plaintiff knew or should of known of the injury and its cause. Or.Rev.Stat. § 1666.725(11); Penuel v. Titan/Value Equities Group, Inc., 127 Or.App. 195, 200, 872 P.2d 28 (1993). Hall was on constructive notice of Chef Francisco's lawsuit against Koenig in 1988. Therefore, Hall should have known of both his injury and its cause, at the latest, six years before he filed this action in 1994, and his racketeering claims are barred under federal and state law.
 
 
 5
 Finally, Hall did not appeal the district court's decision to exercise its discretion to dismiss his remaining state common law claims. We have no reason to review that decision. Because the previous state court litigation bars Hall's federal lawsuit, we do not need to reach his other contentions of error.
 
 
 6
 The judgment of the district court granting summary judgment to the defendants is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3