Argued and submitted June 11, 2008, affirmed May 13, 2009

Robin R. MONTGOMERY,
*Plaintiff-Appellant,*

*v.*

HOWARD JOHNSON INN, GRESHAM,
*Defendant-Respondent.*

Multnomah County Circuit Court
07F003813; A135495

208 P3d 503

Mark A. Peterson argued the cause for appellant. With him on the brief was Lewis and Clark Legal Clinic.

Heyke Nickerson argued the cause for respondent. With her on the brief was NW Employer Solutions.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

The sole issue presented on appeal is whether the Residential Landlord Tenant Act (RLTA) applies in this case. Plaintiff, a former employee of defendant, resided at defendant's hotel during her employment. After defendant terminated her employment and refused to allow her access to her personal property until she paid certain costs, plaintiff brought this action under ORS 105.112 for the recovery of personal property.[1] The trial court found that, because plaintiff's right to occupancy was "conditional upon [her] employment in and about the premises" where she was employed, ORS 90.110(7) excluded the parties' arrangement from the RLTA. As a result, the trial court concluded that plaintiff was not entitled to relief under ORS 105.112 and, without prejudice, granted defendant's motion for an involuntary dismissal. ORCP 54 B(2). On appeal, plaintiff asserts that the trial court misconstrued and misapplied ORS 90.110(7). We affirm.

Defendant twice employed plaintiff between March 2006 and January 2007. During plaintiff's first term of employment, she worked and resided at defendant's hotel. When that first term of employment ended in November 2006, defendant told her that she would have to leave the hotel. Although initially resistant, plaintiff eventually did so.

Approximately one month later, defendant again hired plaintiff. Plaintiff told Raines, defendant's manager, that she had no place to live and could not accept the employment offer if she did not live in the hotel. Plaintiff and Raines agreed that plaintiff would be allowed to use two of the hotel's rooms, one for occupancy and the other for storage. Plaintiff would be charged for her use of the rooms, but would receive an employee discount. Three eight-hour workdays from each two-week pay period would be "payment" for plaintiff's use of the rooms. At plaintiff's rate of pay, those 24 hours were equivalent to $204. Plaintiff moved into the hotel either on

---

[1] ORS 105.112 provides, in part:

"(1) A tenant or former tenant may bring an action to recover personal property taken or retained by a landlord in violation of ORS chapter 90 [the Residential Landlord Tenant Act]."

the day she began working or shortly thereafter. She never registered as a guest at the hotel.

On January 24, 2007, Raines notified plaintiff in writing that her employment would be terminated on February 14. The notice advised plaintiff that she would have to vacate the premises no later than February 15. The notice also informed plaintiff that, if she did not continue to perform her duties to the best of her ability, she would be dismissed immediately and would be required to vacate the premises promptly. Plaintiff failed to return to work after receiving the termination notice and was removed from defendant's work schedule on January 29.

Defendant locked plaintiff out of the room where she was storing her belongings. On January 26, plaintiff enlisted the aid of police in gaining access to her storage room. She moved some of her personal effects into the room in which she lived and removed some of her other belongings from the hotel. Later that day, Raines informed plaintiff by letter that her remaining belongings would be moved into storage and that she would not be allowed to retrieve them unless she paid the hotel for the storage costs as well as various room charges and cleaning fees before February 1.

At some point before February 15, defendant began charging plaintiff for use of the two rooms at an increased rate, rather than the discounted employee rate, effective as of January 24. On February 15, plaintiff received an invoice for her post-January 24 "storage use" of both rooms. Although the invoice listed charges of $1,232, including taxes, defendant applied plaintiff's final paycheck to the charges, reducing plaintiff's amount owed to $895.72. Defendant continued to charge plaintiff for "storage use" until March 1, when, with the exception of a mattress and box spring, it disposed of all of plaintiff's remaining personal property.

At trial, defendant argued that plaintiff could not bring an action under ORS 105.112 because the RLTA did not apply to the parties' arrangement. Specifically, defendant asserted that, because plaintiffs' occupancy had been conditioned on her employment, ORS 90.110(7) excluded the parties' arrangement from the RLTA. That statute provides:

"Unless created to avoid the application of this chapter [the RLTA], the following arrangements are not governed by this chapter:

"* * * * *

"(7) Occupancy by an employee of a landlord whose right to occupancy is conditional upon employment in and about the premises. However, the occupancy by an employee as described in this subsection may be terminated only pursuant to ORS 91.120."

Plaintiff responded that the parties' arrangement was not excluded by ORS 90.110(7) because, as used in that statute, the term "conditional" refers only to situations in which an employer benefits from the employee's presence on the premises. Plaintiff contended that, because she, not defendant, benefited from her residence at the hotel, ORS 90.110(7) did not apply. Alternatively, plaintiff argued that her payment of rent entitled her to the protections of the RLTA until the term of occupancy covered by that payment expired. The trial court rejected plaintiff's arguments and concluded that the parties' arrangement was excluded from the RLTA by ORS 90.110(7). On appeal, the parties renew the arguments they made to the trial court.

The proper application of ORS 90.110(7) presents a question of statutory construction that we resolve by examining the statute's text in context, any legislative history offered by the parties, and, if necessary, by applying pertinent maxims of statutory construction. *State v. Gaines,* 346 Or 160, 171-72, 206 P3d 1042 (2009).

We first address plaintiff's contention that the exclusion contained in ORS 90.110(7) does not apply unless the employer benefits from the employee's occupancy. On its face, nothing in ORS 90.110(7) suggests that its applicability is dependent on a party's benefiting from the arrangement. The statute does not use that term; rather, it simply applies whenever the employee's "right to occupancy is conditional upon employment in and about the premises." The plain meaning of the term "conditional" likewise does not imply that there must be some benefit to the employer from the occupancy. *See PGE v. Bureau of Labor and Industries,* 317

Or 606, 611, 859 P2d 1143 (1993) (words not defined by statute are to be given their "plain, natural and ordinary meaning"). That adjective means, among other things, "**1 :** containing, implying, subject to, or depending on a condition." *Webster's Third New Int'l Dictionary* 473 (unabridged ed 2002). When the word "conditional," as used in ORS 90.110(7), is read with that meaning, it is clear that the statute's text simply refers to arrangements in which the employee's occupancy is "subject to" or "depend[s] on" the employee's employment in and around the employer's premises. Nothing indicates that the employer must somehow "benefit" from the employee's presence on the property.

Plaintiff contends that a comment by the drafters of the Uniform Residential Landlord and Tenant Act (URLTA) demonstrates that the term "conditional" requires that the employer benefit from the employee's presence. *See West v. French*, 51 Or App 143, 149-50, 625 P2d 144 (1981) (noting that Oregon's RLTA is a codification of the URLTA). The comment to the provision now codified as ORS 90.110 provides, in part:

> "[The URLTA] regulates landlord-tenant relations in residential properties. It is not intended to apply where residence is incidental to another primary purpose such as residence in a prison, a hospital or nursing home, a dormitory owned and operated by a college or school, or residence by a landlord's employee such as a custodian, janitor, guard or caretaker rendering services in or about the demised premises."

Uniform Residential Landlord and Tenant Act § 1.202 cmt (1972). Plaintiff reasons that the examples provided in the comment—where the described employees "render[ ] services in or about the demised premises"—are all ones where the employer obtains some benefit from the employee's presence on the premises. Accordingly, plaintiff contends that the comment demonstrates that the exclusion was intended to apply only if the employer benefited from the employee's presence on the premises.

Notwithstanding its reference to "rendering services," we are not persuaded that the comment necessarily supports plaintiff's preferred construction of ORS 90.110(7).

Rather, as the comment indicates, the URLTA is not intended to apply where "residence is incidental to another primary purpose," such as the resident's incarceration, hospitalization, or educational goals, or where the resident, as an employee, works in and around the residence. Although an employer may certainly benefit from the employee's presence on the property, the comment as a whole suggests that the exclusions are intended to apply whenever a resident's presence on the property is for some purpose other than mere residence. In sum, the legislative history proffered by plaintiff does not overcome the plain meaning of the text and context of ORS 90.110(7). *See Gaines*, 346 Or at 172 (noting that "a party seeking to overcome seemingly plain and unambiguous meaning with legislative history has a difficult task before it"). ORS 90.110(7) excludes from the RLTA arrangements in which an employee's right to occupancy is dependent on his or her employment in and about the employer's premises; its applicability is not dependent on a party obtaining a benefit from the arrangement.

We next consider plaintiff's contention that, even if her occupancy was conditional on employment, her payment of rent entitled her to the protections of the RLTA until the term of occupancy covered by that payment expired. Relying on cases from other jurisdictions, plaintiff argues that a landlord-tenant relationship was created when defendant collected rent from her. *See, e.g., Tatro v. Lehouiller*, 147 Vt 151, 154, 513 A2d 610, 612 (1986) (where an employer permitted a discharged employee to continue residing on the premises on the condition that he work half days, that condition constituted rent, and the employer could not evict the employee); *see also Miracle v. Stewart*, 128 SW2d 613, 616 (Ky 1939) (stating the principle that a landlord-tenant relationship is created when an employer collects rent for an employee's occupation of the premises); *Ofschlager v. Surbeck*, 50 NYS 862, 864-65, 22 Misc 595, 598 (1898) (where an employer deducted rent from the employee's wages and the employment agreement obligated the employee to keep the residence "in good order," the employee was a tenant). Plaintiff urges us to adopt the reasoning of those courts.

As noted earlier, the only issue before us is the applicability of the RLTA. Resolution of that issue is a matter of

statutory interpretation, and plaintiff does not explain why, consistently with such analysis, the payment of rent takes this case outside the exclusion described in ORS 90.110(7). Nothing in ORS 90.110(7) itself suggests that an employer may not collect rent from an employee who resides on the employer's premises, and plaintiff has not identified any other provision of the RLTA or any principle of Oregon law that would prevent an employer from doing so. Moreover, the out-of-state cases on which plaintiff relies shed no light on that inquiry; none of them interprets a statute or statutory scheme similar to the RLTA. Instead, they merely recount the then-applicable common law in their respective jurisdictions.

Having construed the exclusion to the RLTA established in ORS 90.110(7), we consider, finally, whether the trial court erred in concluding that plaintiff failed to establish a *prima facie* case. *See Gearhart v. Employment Div.*, 99 Or App 601, 604, 783 P2d 536 (1989), *rev den*, 310 Or 70 (1990) (on review of a trial court's grant of a motion for involuntary dismissal without prejudice, this court examines the evidence to determine whether the plaintiff has established a *prima facie* case); *see also Venture Properties, Inc. v. Parker*, 223 Or App 321, 333-41, 195 P3d 470 (2008) (discussing and clarifying this court's case law concerning ORCP 54 B(2)). We conclude that it did not err.

Undisputed evidence demonstrates that plaintiff's right to occupancy on defendant's premises was conditional on her employment. Plaintiff began living at the hotel after she was hired. Furthermore, not only did Raines testify that plaintiff's ability to use the rooms at the hotel was conditioned on her continued employment, but the employment termination notice presented to plaintiff stated that she would have to vacate the premises following her last day of employment. The parties' prior conduct also demonstrates that plaintiff's right to occupancy on the premises was conditional on her employment. Two months before this dispute, plaintiff's first term of employment with defendant ended. She was told that she would have to vacate the premises and, although initially resistant, she eventually did so. In light of

that evidence, the trial court correctly granted defendant's motion for an involuntary dismissal.

Affirmed.